UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRE D. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-537-NCC |
| | ) | |
| DANIEL KEEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of DeAndre D. Walton, a prisoner, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided in support, and will grant the motion and assess an initial partial filing fee of $7.53. The Court has also conducted the required review of the complaint, and has determined that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff filed an inmate account statement that shows an average monthly balance of $15.56, and an average monthly deposit of $37.65. The Court therefore assesses an initial partial filing fee of $7.53, which is twenty percent of Plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a state pretrial detainee who is facing trial in the City of St. Louis, and is currently housed in the St. Louis City Justice Center (SLCJC).[1] However, his claims arise from events that occurred after he was transferred from the SLCJC and temporarily housed in the St. Charles County Department of Corrections (SCCDOC). *See* (ECF Nos. 1 and 6). Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Daniel Keen, the SCCDOC Director. Plaintiff specifies that he sues Keen only in his official capacity. He alleges as follows.

---

[1] Review of public records on Missouri Case.net shows that Plaintiff has been charged with two counts of First-Degree Murder, two counts of Armed Criminal Action, and one count of Unlawful Possession of a Firearm in the matter *State v. Walton,* No. 2222-CR00369-01 (22nd Jud. Cir. 2022). At present, a pretrial conference is scheduled for June 14, 2024, and a jury trial is scheduled to begin on June 24, 2024. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

On September 22, 2023, Plaintiff was moved from SLCJC to SCCDOC, and placed in a form of segregated confinement that Plaintiff calls "Admin Seg" and "protect custody." (ECF No. 1 at 3, 4). In correspondence filed after the complaint, Plaintiff explains he "has no pending charges in St. Charles County at all he is just [] being housed for St. Louis City." (ECF No. 6). Plaintiff filed "countless grievances" that "went unheard." *Id.* at 3. Plaintiff writes: "Daniel Keen is the person you file grievances he never responded to nothing they do all [their] grievances by tablets they have all the grievances on the tablets even ones that [were on their] system from 2020." (ECF No. 1 at 3-4). Plaintiff lists the dates and the file numbers of grievances he filed.

Plaintiff also alleges that "[t]hey" placed him on "Admin Seg" even though he "was not in any type of trouble" and was not subjected to disciplinary action, and did not request "protect custody." *Id.* at 3. He alleges that unspecified persons told him he "would not come out [until] Daniel Keen decided to let me out." *Id.* He alleges no other facts concerning Keen. Plaintiff does not describe the conditions in segregation, or state how long he was held there. He claims he suffers from sleep deprivation and "mental health problems," and seeks $1.3 million in damages. *Id.*

In his later-filed correspondence, Plaintiff states that the grievances he identified in the complaint have been removed from the system. He states he "has enclosed the violation to his mail as well," and complains that the U.S. Postal Service returned mail that he sent. (ECF No. 6). Plaintiff provided copies of three envelopes. One is stamped as having been returned for insufficient postage, but the status of the other two is unclear. Plaintiff does not specifically allege, and review of the envelopes does not indicate, that Keen or any other SCCDOC official interfered with the mail.

4

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff specifies that he sues Keen in his official capacity. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In the complaint, Plaintiff identifies Keen as the SCCDOC Director. The SCCDOC is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a claim against the municipality. *See Monell*, 436 U.S. at 690-91. As a result, the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted against Keen in his official capacity, and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if Plaintiff had sued Keen in his individual capacity, the complaint would be subject to dismissal. The only specific factual allegations against Keen are that he failed to respond to Plaintiff's grievances. There are no allegations that Keen (or anyone else) interfered with Plaintiff's use of the institution's grievance procedure; only that Keen did not respond to grievances Plaintiff filed. As noted above, to state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983, *West,* 487 U.S. at 48. There is no federally-protected right to a jail grievance procedure, and if a jail elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer a substantive right on inmate). As a result, Plaintiff's allegations that Keen ignored his grievances would not state a valid § 1983 claim against Keen in his individual capacity.

Plaintiff also states he was placed in "Admin Seg" or "protect custody" even though he did nothing wrong and was not subjected to disciplinary action. (ECF No. 1 at 3-4). "Conditions of pretrial confinement are impermissible if they constitute punishment as determined by the due process standards of the Fifth and Fourteenth Amendments." *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650 (8th Cir. 1996) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979)). Therefore, a detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard. *See Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992). However, not every deprivation imposed during detention equates to "punishment" in the constitutional sense. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In this case, Plaintiff's allegations do not establish that he was placed in segregation for punitive reasons, or otherwise subjected to punishment. In fact, Plaintiff states he "was not in any type of trouble" and had just arrived at the jail, and he states he was not subjected to disciplinary action. (ECF No. 1 at 3). He does not allege he was subjected to restrictions or conditions in segregation that differed in a relevant respect from non-segregated jail restrictions and conditions, and he alternately refers to the confinement as protective custody. The statement

6

that Plaintiff was placed in segregation may suggest he was punished, but without more, it does not nudge his claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 569-70.  Even if Plaintiff had established a constitutional violation, there are no facts supporting the inference that it was caused by Keen's direct action or failure to supervise and train an offending employee.  Claims sounding in respondeat superior are not cognizable under § 1983.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  As a result, Plaintiff's allegations would not state a plausible due process claim against Keen in his individual capacity.  Finally, Plaintiff states that mail he sent was returned by the U.S. Postal Service, but he alleges no facts that would state an individual capacity claim against Keen under any legal theory.

For the foregoing reasons, the Court concludes the complaint fails to state an official capacity claim against Keen, and would be subject to dismissal even if Plaintiff had named Keen in his individual capacity.  The Court will therefore dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $7.53.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of June, 2024.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE